† McKENNEY, *Petitioner for Certiorari, versus* COUNTY
COMMISSIONERS OF PENOBSCOT.

Where, on an appeal from the County Commissioners, a jury is empannelled
to view and award damages for land taken by railroad companies, the pre-
siding officer has no authority to give instructions to them in matters of law.

But where this assumption of power is exercised at the request of one of
the parties to the proceedings, *he* cannot complain, even if the instructions
are erroneous.

If the presiding officer gives erroneous instruction to such jury, whether the
party suffering thereby without fault, may not obtain relief by *certiorari*,
*quere*.

PETITION for a writ of *certiorari*.

The petitioner was owner of a small parcel of land, a
portion of which was taken by the Penobscot & Kennebec
Railroad Company. He was dissatisfied with the damages
awarded by the Commissioners, and requested a jury.

At the view and hearing of the jury, the petitioner claimed
damages for a high embankment made by the railroad, a
*part* of which only rested upon his land; also for damages to
his garden by the wash of the earth and gravel from the whole
embankment on to his garden. The evidence tended to
show that in addition to the damage of taking his land, it
was greatly increased by the fill in front of his lot and dwell-
ing house.

The counsel for the petitioner requested the presiding
officer to instruct the jury, *that* in estimating and awarding
damages, they might take into consideration the injury
already caused to his premises by the wash of the earth
and gravel from the embankment, and the liability to future
injury from the same cause; and in addition to the value of
the land taken, they might add the injury caused to the res-
idue of his premises by all the fill and embankments of the
road in front of his lot, the base of any part of which rested
upon his land taken.

These requests were refused, and the jury were told that
they should not allow any damages occasioned by that part
of the embankment which stands on land not belonging to

petitioner, nor any damages which might probably arise in future by the washing down of dirt and gravel.

The jury returned a verdict, and the petitioner excepted to the instructions and the refusal, which were allowed by the officer in charge of the proceedings before the jury.

*Wakefield*, for petitioner, contended that his request should have been complied with, and that the mode for computing damages, given to the jury, was erroneous.

He also contended that c. 41, of Acts of 1853, § § 9, 14 and 15, have modified the R. S. on that subject. The language in these sections is similar to that used in the R. S. of Mass. c. 39, § 56.

The proceedings in this case were under the law of 1841, and the decision of *Dodge* v. *County Com. of Essex*, 8 Met. 380, was in point.

*Certiorari* was the proper process to correct the errors of inferior tribunals. *Dow* v. *True & al.*, 19 Maine, 46.

*Rowe & Bartlett, contra*, sustained the correctness of the rulings and cited *Rogers* v. *Ken. & Port. R. R. Co.*, 35 Maine, 319.

The statute did not allow railroad companies to throw, or wash, gravel or dirt on to land not taken by them. For all illegal acts by them the common law afforded redress.

RICE, J. — From the facts before us we infer that the petitioner was dissatisfied with the amount of damages awarded him, against the Penobscot and Kennebec Railroad Co., for real estate taken for the use of that corporation, and had demanded a jury, under the provisions of the statute.

At the hearing before the jury, the petitioner requested the presiding officer to give certain instructions, as matter of law, as to the rule of estimating damages. The instructions requested were refused, and negatived by those which were given.

It is provided in § 3d of c. 81, R. S., that the damages to be paid by any railroad corporation, for any real estate taken by it, under the provisions of this chapter, when not

agreed upon, shall be ascertained and determined by the County Commissioners, under the same conditions and limitations, as are by law provided, in case of damages by laying out highways.

By § 16 of c. 25, relating to highways, the Commissioners, if they see cause, may appoint some person, specially qualified for the purpose, to preside at the view and hearing of the jury; and by § 17, the person who shall preside at the trial, shall keep order therein, and shall administer an oath to the jurors for the faithful discharge of their duty, and to all the witnesses examined, in the usual form.

The jury are required to view the premises, and also to hear and examine all such legal evidence as may be laid before them, with the observations of the parties, or their counsel thereon.

The verdict of the jury, or the report of the committee, duly returned to the said Commissioners, and by them accepted and duly recorded, shall be conclusive on the parties, by § 19.

There is no provision in the statute authorising the presiding officer to give instructions to the jury as to matter of law, nor for alleging exceptions to his rulings by the parties. The whole proceeding, therefore, both on the part of the presiding officer and the excepting party, was extra-official, on those points.

But the petitioner is not in a position to complain of this assumption of power on the part of the presiding officer, as it appears to have been assumed at his solicitation. Nor was he aggrieved by the refusal to give the instructions requested, nor by those which were given. He was entitled, under the statute, to a full compensation for all the damages sustained by him for real estate taken by the corporation, of which he was the owner. But the fact, that a portion of his land had been taken by the corporation, did not entitle him to incidental damages occasioned by the fill or embankment resting upon land which belonged to other parties. We do not intend to decide, that in case the instructions of

the presiding officer had been erroneous, and had not been called out by the party complaining, relief would not be granted, in this mode of proceeding. But as this case stands before us, the *Writ is denied.*